**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AIN AZMER COMPANY,
Sector 9, Street #49
House #7, New Baghdad
Baghdad, Iraq

Plaintiff,

v.

THE SANDI GROUP, INC.,
2215 M Street, NW
Washington, DC 20037

Serve: James R. Hagerty, Resident Agent
888 17th Street, NW, Suite 1000
Washington, DC 20006

Defendant.

Case No. ____________

## COMPLAINT FOR CONFESSION OF JUDGMENT

Plaintiff AIN AZMER COMPANY ("Ain Azmer" or "Plaintiff"), by and through its undersigned counsel, files this action to obtain judgment against THE SANDI GROUP, INC. ("TSG" or "Defendant"), and for its Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction by agreement of the parties and pursuant to 28 U.S.C. §1332(a). In addition, the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) and (c) because TSG is a District of Columbia corporation and its principal place of business is in the District of Columbia.

## PARTIES

3. Plaintiff Ain Azmer Company is a company organized under the laws of Iraq with its principal place of business in Baghdad, Iraq.

4. TSG is a District of Columbia corporation with its principal place of business in the District of Columbia.

## FACTUAL BACKGROUND

5. On December 22, 2010, Ain Azmer and TSG executed Subcontract Agreement No. TSG-10-AIN AZMER (the "Subcontract"). In the Subcontract, TSG contracted Ain Azmer to provide professional services, labor, material, and equipment in conjunction with the construction of the RSO Logistics Building in Baghdad, Iraq, pursuant to its Contract No. SAQMMA-09-F-3801 with the U.S. Government (the "Prime Contract").

6. The Subcontract included a Price Schedule identifying five task areas that Ain Azmer was required to complete, and assigning a value for each task as follows:

| | |
|---|---|
| Architectural/Structural per SOW: | $90,000 |
| Civil: | $75,000 |
| Mechanical: | $56,000 |
| Electrical: | $112,000 |
| Fire Protection: | $62,000 |

7. The Subcontract, as executed, contemplated that all tasks would be completed by March 15, 2011.

8. Ain Azmer timely and satisfactorily completed all required tasks under the Subcontract. On October 17, 2011, the Embassy of the United States in Baghdad, Iraq issued a Substantial Completion Letter.

9. Despite acceptance by the U.S. Government of the RSO Logistics Building, TSG failed to remit full payment to Ain Azmer for its work.

10. Specifically, Ain Azmer submitted ten invoices to TSG totaling $395,000 for work performed in accordance with the Subcontract. However, Ain Azmer received only $176,100 of the money owed to it by TSG pursuant to these invoices and the Subcontract.

11. On August 24, 2011, Ain Azmer submitted its final invoice to TSG in the amount of $218,900. This invoice remains unpaid and outstanding.

12. On September 30, 2011, after repeated inquiries from Ain Azmer, TSG confirmed that Ain Azmer would be paid in full the outstanding balance of $218,900.

13. Because Ain Azmer did not receive payment as promised, Ain Azmer filed a lawsuit against TSG in this Court and assigned Case No. 1:12-cv-00720 (the "Litigation").

14. Thereafter, Ain Azmer and TSG resolved the Litigation through execution of a Full and Final Settlement Agreement and Mutual General Release (the "Settlement"). As part of the Settlement, TSG executed a Confessed Judgment Promissory Note. *See* attached as Exhibit 1.

15. Pursuant to the terms of the Confessed Judgment Promissory Note, TSG was obligated to make six (6) consecutive monthly installments of Fifteen Thousand Dollars ($15,000.00) on the first day of each month beginning on December 1, 2012 (and continuing to and including May 1, 2013), and one (1) additional payment of One Hundred Thirty-eight Thousand Nine Hundred Dollars ($138,900.00) on June 1, 2013.[1]

16. Default was defined in the Confessed Judgment Promissory Note, *inter alia*, as:

> [TSG]'s failure to make any payment by cashier's check on or before the due date (there is no grace period) in the manner required by Section 2, provided, however, that with respect to any instance of non-payment by the due date, a Default shall not be deemed to occur unless [Ain Azmer] first sends written notice to

[1] The parties negotiated the payment of an additional $10,000 based on Plaintiff's incurred attorney's fees and pre-Litigation interest.

> [TSG] and the default is not cured by [TSG] within five (5) calendar days.

*See* Exhibit 1 at ¶3.

17. Upon the occurrence of Default, Ain Azmer was entitled to accelerate the balance due and owing. *See* Exhibit 1 at ¶5.

18. The Confessed Judgment Promissory Note also provided for interest:

> Any principal payment not made when due under the Confessed Judgment Promissory Note, or any principal sum declared due in event of default, shall thereafter bear interest at the default rate of ten percent (10%) per annum, calculated on the basis of a 365 day year, counting the actual number of days elapsed; provided, however, that in the event the default rate is in excess of that permitted by law, then the default rate shall be the maximum interest permitted by law.

*See* Exhibit 1 at ¶7.

19. The Confessed Judgment Promissory Note also provided for payment of attorney's fees to enforce its terms as follows:

> If any action is taken by [Ain Azmer] to collect this Note or to collect the debt underlying the Note, or to enforce any covenant or provision of this Note against [TSG], the [Ain Azmer] shall be entitled to collect, and [TSG] agrees to and shall pay all reasonable costs and expenses thereof, including but not limited to, actual and reasonable attorney's fees, whether suit be brought or not, and all other costs and expenses of collection incurred by [Ain Azmer], including, without limitation, investigation and location fees, service or process fees, and filing costs.

*See* Exhibit 1 at ¶8.

20. TSG made only three of the required $15,000 monthly payments: December 11, 2012, January 14, 2013, and February 10, 2013. TSG also made a payment for $10,000 on or about August 7, 2013. TSG is in default under the terms of the Confessed Judgment Promissory Note due to its failure to make full payments due in March 2013, April 2013, May 2013 and June 2013.

21. On or about July 16, 2013, Ain Azmer provided TSG with a Notice of Default wherein Ain Azmer advised TSG that it was in default under the terms of the Confessed Judgment Promissory Note. *See* attached as Exhibit 2.

22. The Confessed Judgment Promissory Note contains a warrant of attorney wherein TSG authorizes Ain Azmer to confess judgment against it for all sums owed by it to Plaintiff plus an award of reasonable attorney's fees.

23. Plaintiff has performed all of its obligations under the Confessed Judgment Promissory Note.

24. No judgment has been heretofore entered on the Confessed Judgment Promissory Note in any jurisdiction.

25. Plaintiff is the present holder of the Confessed Judgment Promissory Note and has not assigned the same.

26. The judgment is not being entered by confession against natural persons in connection with a consumer credit transaction.

27. All conditions precedent to the entry of judgment have occurred.

28. The warrant of attorney under the Confessed Judgment Promissory Note does not require Plaintiff to make a demand prior to the entry of judgment.

## ITEMIZATION OF AMOUNTS DUE

29. The following amounts are due and owing by TSG to Ain Azmer under the Confessed Judgment Promissory Note:

| | | |
|---|---|---|
| Principal Balance: | ($228,900 - 55,000) | $173,900.00 |
| Interest (at 10% per annum): | ($47.64 x 78 days) | $3,715.92 |
| Attorney's Fees: | | $4,750.13[2] |
| **TOTAL DUE**: | | **$182,366.05** |

30. By virtue of the warrant of attorney, Plaintiff is entitled to immediate entry of judgment in the amount of $182,366.05, plus per diem interest in the amount of $47.64 beginning on October 2, 2013 (date of filing), post-judgment interest at the legal rate, costs, and any other relief this Court deems appropriate.

Dated: October 2, 2013

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.**

By: /s/ Jeremy W. Schulman

Jeremy W. Schulman (Fed. Bar No. 481755)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854-6803
Tel.: (301) 230-5200
Fax: (301) 230-2891
Email: jschulman@shulmanrogers.com

*Attorney for Plaintiff Ain Azmer Company*

[2] *See* Plaintiff's invoices for legal fees and Affidavit of Jeremy W. Schulman, Esquire attached as Exhibit 3.